**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | |
|---|---|
| **SAMUEL HULL** | **CIVIL ACTION** |
| **versus** | **NO. 14-2382** |
| **ORLEANS PARISH TRAFFIC COURT** | **SECTION: "J" (3)** |


## REPORT AND RECOMMENDATION

Petitioner, Samuel Hull, is a state prisoner incarcerated at the Tensas Parish Detention Center in Waterproof, Louisiana.  He filed this action claiming that he is subject to a detainer issued by the New Orleans Traffic Court due to outstanding traffic tickets.  He requested that the Court order that the Traffic Court proceedings be quashed and that the detainer be removed.[1]

Because the allegations of the petition and the nature of the claims asserted therein were unclear, the undersigned held a conference in this matter on November 18, 2014.  At that conference, petitioner explained that, as a result of the detainer, he is ineligible to participate in programs, such as the work-release program, at the Tensas Parish Detention Center.  He further

---

[1] Petitioner's federal application seeks relief under 28 U.S.C. § 2254.  In pertinent part, that statute  provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

28 U.S.C. § 2254(a) (emphasis added).  However, although petitioner is in custody at the Tensas Parish Detention Center, his incarceration is based on an unrelated simple burglary conviction, and he does not challenge the validity of, or seek relief from, the conviction and sentence for which he is in custody.  Rather, he challenges *only* the validity of the Traffic Court proceedings and detainer. Accordingly, it appears that his petition should be construed as one seeking relief under 28 U.S.C. § 2241, not § 2254.  Cf. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).

explained that he simply wanted his traffic tickets resolved, even if he was required to plead guilty to the traffic offenses.[2]

The undersigned then directed the New Orleans City Attorney to advise this Court in writing as to whether such a detainer had in fact been issued.  The City Attorney was further directed to provide the Court with copies of the relevant records and an explanation as to what steps petitioner could take to resolve any outstanding tickets.[3]

The City Attorney provided the Court with the relevant records and an explanatory affidavit from Choirlor Branch.  In that affidavit, Branch stated in pertinent part:

> 4.    In my capacity as Minute Clerk for Division A of Traffic Court, I reviewed the traffic court's records regarding Samuel Hull and have determined that all of Mr. Hull's tickets have been completed via prescription/credit for time served and/or Nolle Prosequi.
>
> 5.    The records further indicate that a previous detainer was placed on Mr. Hull.  This detainer was removed in 2010.
>
> 6.    There are no current detainers or any other open matter against Mr. Hull pending in traffic court.[4]

In light of the foregoing, it is clear that petitioner's outstanding traffic tickets have been resolved and that there is no longer an outstanding detainer issued against him by the New Orleans Traffic Court.  Therefore, the result petitioner was seeking in this matter has now been obtained.

---

[2] He previously attempted to plead guilty to the offenses in absentia; however, he was told that he would have to appear in person after he was released from incarceration.  See Rec. Doc. 1-1, pp. 1 and 7.

[3] Rec. Doc. 7.

[4] Rec. Doc. 12-1, pp. 2-3.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that petitioner's "Motion to Quash," Rec. Doc. 3, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that his federal *habeas corpus* petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this fourteenth day of April, 2015.


                          DANIEL E. KNOWLES, III
                          UNITED STATES MAGISTRATE JUDGE

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.